UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AIRLIFT ME DW LLC,

    Plaintiff,

v.

IAG ENGINE CENTER, LLC,

    Defendant.

Case No.: 1:22-cv-22702

# COMPLAINT

Plaintiff, AirLift ME DW LLC ("AirLift"), brings this Complaint against Defendant, IAG Engine Center, LLC ("IAG"), and alleges as follows:

## Nature of the Action

1. AirLift asserts this action against IAG for breach of contract. Specifically, IAG breached a valid and enforceable settlement agreement between the parties by failing to make any payments due under that contract.

2. IAG owes Airlift $730,128.15 under the clear terms of the settlement agreement. IAG has no excuse for its nonperformance.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the action is between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. For purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of a limited liability company is determined by the citizenship of each of the members of that limited liability company. All of the members of AirLift are citizens of a foreign state (*i.e.*,

outside of the United States).  Upon information of belief, all of the members of IAG are citizens of either the State of Florida or other states within the United States.

5. Additionally, this Court has jurisdiction over this matter, and venue is proper in this forum, as the parties have irrevocably "submit[ted] to the exclusive jurisdiction of the United States District Court for the Southern District of Florida, in Miami, Florida, United States of America" and have waived any right to object to the venue, including any objection that the suit has been brought in an inconvenient forum or that the court does not have jurisdiction over the parties. *See* Exhibit 1 § 15(b)(i)–(ii).

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in this judicial district and IAG resides in this judicial district.

## The Parties

7. AirLift is a Dubai Corporation that owns aircrafts and operates an air charter service.

8. IAG is a Florida limited liability company with its headquarters in Miami, Florida. IAG specializes in servicing and selling aircraft engines.

## General Allegations

9. On March 10, 2021, AirLift and IAG entered into a Letter of Intent ("LOI") for the sale of an aircraft engine to AirLift.

10. Pursuant to that LOI, AirLift remitted to IAG a $650,000 deposit ("Deposit"), which was equal to fifty percent (50%) of the purchase price.

11. Under the terms of the LOI, the Deposit was fully refundable until AirLift had completed or waived its inspection of the aircraft engine and signed a technical acceptance.

12. On July 13, 2021, AirLift terminated the LOI and demanded a refund of the Deposit, as permitted under the LOI.

13. In violation of the terms of the LOI, IAG never returned the Deposit to AirLift.

14. In March of 2022, the parties entered into a settlement agreement (the "Settlement Agreement"), a copy of which is attached as Exhibit 1,[1] under which IAG expressly agreed to return the Deposit to AirLift (along with a 1% monthly interest rate) pursuant to the payment plan set out in the Settlement Agreement. Ex. 1 §§ 2–3.

15. Pursuant to the Settlement Agreement, IAG was obligated to pay AirLift an initial payment of $390,000 on or before April 4, 2022. *Id.* § 3(a). After the initial payment, IAG was to pay AirLift monthly payments of $80,000 until the total amount of $730,128.15 was paid.

16. IAG failed to comply with its payment obligations under the Settlement Agreement by not making a single payment as required under the Settlement Agreement.

17. On August 10, 2022, AirLift provided IAG with a written notice of default and breach of the Settlement Agreement. A copy of this notice of default is attached as Exhibit 2. Under the Settlement Agreement, IAG had ten (10) calendar days from the notice of default to cure the default. *See id.*; *see also* Ex. 1 § 20(b).

18. IAG did not cure its default within this 10-day period of time.

19. To date, IAG has failed to make any payments due under the Settlement Agreement.

20. The Settlement Agreement expressly states that, in the event IAG fails to make any payment required, then AirLift may file "a Consent Judgment in substantially the form attached as Exhibit A in a court of competent jurisdiction" and that "IAG and its affiliates shall be immediately

---

[1] The Settlement Agreement expressly allows the parties to disclose the terms of the settlement "to enforce the terms of this Settlement Agreement in a court of competent jurisdiction. *See* Ex. 1 § 6.

jointly and severally liable" to Airlift for $730,128.15, less any payments that had been made by IAG. *Id.* IAG is also liable for "reasonable fees, costs, and expenses incurred by AirLift in connection with securing and collecting such a judgment." *Id.*

21. Finally, if a Consent Judgment is filed, IAG agrees "to waive all legal and equitable defenses (and any right to appeal the entry of the Consent Judgment) other than the right to contest in good faith that IAG has paid the amounts owed." *Id.* § 20(c).

22. All conditions precedent to instituting and maintaining this suit have occurred or have been excused or waived.

## COUNT I
*(Breach of Contract)*

23. AirLift incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24. In March of 2022, the parties entered into a Settlement Agreement, which obligated IAG to pay $730,128.15 to AirLift. *See* Ex. 1 § 3.

25. The Settlement Agreement is a valid and binding contract between AirLift and IAG.

26. AirLift has performed all of its obligations under the Settlement Agreement.

27. IAG has materially breached the Settlement Agreement by failing to pay AirLift pursuant to the payment plan agreed upon by the parties. *See id.*

28. As a direct and proximate cause of IAG's breaches, AirLift has been harmed and suffered damages totaling $730,128.15.

29. Due to IAG's material breach of the Settlement Agreement, AirLift is entitled to the entry of a Consent Judgment in substantially the same form as attached to the Settlement Agreement. *See id.* § 20(b); *id.* at Ex. A.

WHEREFORE, AirLift demands judgment against IAG and respectfully requests this Court to award the following relief:

a. A finding that IAG has breached its Settlement Agreement with AirLift;

b. An award of damages totaling $730,128.15, plus prejudgment and post-judgment interest;

c. An entry of a Consent Judgment in substantially the form attached as Exhibit A to the Settlement Agreement;

d. An award of attorney's fees and litigation costs, as authorized by sections 16 and 20(b) of the Settlement Agreement; and

e. All other relief that this Court deems just and proper under the circumstances.

Dated: August 25, 2022

Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard
Suite 1600
Miami, FL 33131
Tel.: (305) 614-1400
Fax: (305) 614-1425

By:  */s/ Timothy A. Kolaya*
TIMOTHY A. KOLAYA
Florida Bar No. 056140
tkolaya@sfslaw.com
JENNIFER M. HERNANDEZ
Florida Bar No. 1018836
jhernandez@sfslaw.com

*Attorneys for Airlift ME DW LLC*