**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-22702-BLOOM/Otazo-Reyes**

AIRLIFT ME DW, LLC,

Plaintiff,

v.

IAG ENGINE CENTER, LLC,

Defendant.
_________________________________/

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Judgment on the Pleadings, ECF No. [24], ("Motion"). Defendant filed a Response in Opposition to the Motion, ECF No. [32], ("Response"), to which Plaintiff filed a Reply, ECF No. [33], ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is converted to a Motion for Summary Judgment and the parties are provided with time to supplement the record pursuant to Fed. R. Civ. P. 12(d).

## I. BACKGROUND

According to the Amended Complaint, Plaintiff Airlift ME DWC LLC is either a limited liability company, all of whose members are citizens of a foreign state, or a Dubai Corporation. Defendant is a limited liability company, whose members are citizens of either the State of Florida or other states within the United States, with its headquarters in Miami, Florida. ECF No. [13] at ¶¶ 5-8. The Amended Complaint alleges one count of breach of contract. *Id*. at ¶¶ 23-29. Plaintiff requests that the Court find that Defendant breached the settlement agreement between Plaintiff and Defendant ("Settlement Agreement"), enter a Consent Judgment in substantially the form of

Exhibit A attached to the Settlement Agreement, *see* ECF No. [13-1], and award attorneys' fees and litigation costs authorized by the Settlement Agreement. ECF No. [13] at 5.

In Defendant's Answer to the Amended Complaint, Defendant admits the existence of the Settlement Agreement and that the Settlement Agreement is the best and only competent evidence of the contents thereof. ECF No. [22]. Defendant states that it is without sufficient information to form a belief as to the truthfulness of Plaintiff's jurisdictional allegations. *See id*. at ¶¶ 4-5, 7. Defendant therefore denies that this Court has jurisdiction over this matter. *See id*. at ¶ 5.

On November 5, 2022, Plaintiff filed the instant Motion arguing that it is entitled to Judgment on the Pleadings as a matter of law because Defendant admitted all allegations essential to a breach of contract claim. ECF No. [24] at 3. On December 5, 2022, Defendant filed a Response in which it contends that Plaintiff is not entitled to judgment on the pleadings because: (1) Defendant did not admit Plaintiff's allegations related to subject matter jurisdiction, (2) paragraph 7 of the Amended Complaint is hopelessly inconsistent with paragraph 4 of the Amended Complaint, and (3) the Complaint requests entry of a Consent Judgment in substantially the same form as attached to the Settlement Agreement but the form of that judgment was to be entered by the State of Florida court of general jurisdiction, not a federal court. *See generally* ECF No. [32]. On December 12, 2022, Plaintiff filed a Reply in which it argues that Defendant does not dispute that it admitted all of the allegations concerning the breach of the Settlement Agreement, but instead raises two technical disputes that the Court should reject as a clear effort to delay the resolution of this case. ECF No. [33] at 1-2.

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan*

*Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

"Rule 12(d) instructs that when matters outside of the pleadings are presented to the court on a motion for judgment on the pleadings, the motion must be treated as one for summary judgment." *Maldonado v. Mattress Firm, Inc.*, 8:13-CV-292-T-33AEP, 2013 WL 2407086, at *2 (M.D. Fla. June 3, 2013) (citing Fed. R. Civ. P. 12(d)). "However, a motion to dismiss should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision." *Jozwiak v. Stryker Corp.*, 6:09CV1985ORL19GJK, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010). "The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th

Cir. 2002).

## III. DISCUSSION

In the Motion, Plaintiff argues that it is entitled to judgment on the pleadings because Defendant admitted all allegations essential to a breach of contract claim. ECF No. [24] at 3. Defendant responds that Plaintiff is not entitled to judgment on the pleadings because: (1) Defendant did not admit Plaintiff's subject matter jurisdictional allegations; (2) paragraph 7 of the Amended Complaint is inconsistent with paragraph 4 of the Amended Complaint, both of which allege Plaintiff's business structure and affect jurisdiction; and (3) the Complaint requests entry of a consent judgment in substantially the same form attached to the Settlement Agreement but the form of that judgment is to be entered by a Florida state court of general jurisdiction, not this federal court. *See generally* ECF No. [32]. Plaintiff replies that Defendant does not dispute that it admitted all of the allegations concerning the breach of the Settlement Agreement but instead raises two technical disputes that the Court should reject as a clear effort to delay the resolution of this case. ECF No. [33] at 1-2.

### A. No Material Dispute Breach of Contract

Plaintiff argues that it is entitled to judgment on the pleadings because Defendant admitted all allegations essential to a breach of contract claim in its Answer. ECF No. [24] at 3. Defendant responds that it denied the material allegations regarding jurisdiction. *See* ECF No. [32]. Defendant does not dispute that there is no material dispute as to any element of Plaintiff's claim for breach of contract. *See id.*

"[W]hen the *plaintiff* moves for judgment on the pleadings—as happened here—'the old rule obtains that the fact allegations of *the answer* are to be taken as true, but those of the complaint are taken as true *only where and to the extent that they do not conflict with those of the answer.*'" *Capitol Specialty Ins. Corp. v. W. View Apartments, Inc.*, 21-11675, 2021 WL 6101663, *1 (11th

Cir. Dec. 22, 2021) (quoting *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949) (emphasis added)). Under Florida law, an "adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014). Here, each of these elements are reflected in the Amended Complaint and admitted by Defendant. The Amended Complaint alleges:

> 24. In March of 2022, the parties entered into a Settlement Agreement, which obligated IAG to pay $730,128.15 to AirLift. *See* EX. 1 §3.
> 25. The Settlement Agreement is a valid and binding contract between AirLift and IAG
> 26. Airlift has performed all of its obligations under the Settlement Agreement
> 27. IAG has materially breached the Settlement Agreement by failing to pay AirLift pursuant to the payment plan agreed upon by the parties. *See id.*
> 28. As a direct and proximate cause of IAG's breaches, AirLift has been harmed and suffered damages totaling $730,128.15.

ECF No. [13] at ¶¶ 24-28.

There is no material issue of fact as to any element of Plaintiff's breach of contract claim. In its Answer to the Amended Complaint, Defendant responds to the relevant paragraphs:

> 24. Defendant admits paragraph no. 24.
> 25. Defendant admits paragraph no. 25.
> 26. Defendant admits paragraph no. 26.
> 27. Defendant admits so much of paragraph no. 27 as alleges that it has failed to pay Airlift pursuant to the subject payment plan.
> 28. Defendant admits so much of paragraph no. 28 as it alleges that Airlift has suffered damages, but states that the amount of those damages is to be established pursuant to the controlling documents.

ECF No. [22] at ¶¶ 24-28. Although Defendants admit all of the elements of Plaintiff's breach of contract claim, the Court must consider Defendant's arguments that it has denied allegations related to subject matter jurisdiction and to the form of the Consent Judgment agreed upon by the parties.

**B. Material Facts in Dispute**

**i. Subject Matter Jurisdiction**

Defendant asserts that a court may not grant a motion for judgment on the pleadings unless all the material facts alleged in the complaint are admitted as true in a defendant's answer. ECF No. [32] at ¶ 1 (citing Fed. R. Civ. P. 12(c)). Because Defendant did not admit the jurisdictional allegations in its Answer to Plaintiff's Amended Complaint, it argues that judgment on the pleadings is inappropriate. *Id*. at ¶ 2. Plaintiff replies that "the jurisdictional issue is manufactured for purposes of avoiding the consequences of [Defendant's] admitted breaches of the Settlement Agreement" ECF No. [33] at 3. Plaintiff contends that even if the Court accepts Defendant's argument that it has not admitted subject matter jurisdiction, the Court can independently assure itself that the requirements of diversity jurisdiction are satisfied.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). The Eleventh Circuit has held on numerous occasions that, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

The Court is satisfied that the amount in controversy requirement is satisfied because Plaintiff seeks more than $730,128.15 in damages. ECF No. [13] at 5. Because the amount sought is more than $75,000.00 the amount in controversy requirement is satisfied.

At this juncture, the Court is unable to determine from the four corners of the pleadings whether the parties are completely diverse. Defendant contends that the Amended Complaint's contrary assertions in paragraphs 4 and 7 are not reconcilable. *See* ECF No. [32] at ¶ 7. Relying solely on the pleadings and Defendant's denial of the fourth paragraph of the Amended Complaint

because it is without sufficient information to know that all members of Plaintiff are citizens of a foreign state, *see* ECF No. [22] at ¶ 4, the Court is without sufficient information to assess subject matter jurisdiction.

Plaintiff suggests that the Court consider the parties' Certificates of Interested Persons and Corporate Disclosure Statements. ECF No. [33] at 5. Plaintiff also offers to file a declaration with additional evidence regarding jurisdiction. Since the Court is constrained by the pleading on this Motion, it cannot consider such evidence in ruling on Plaintiff's Motion.

**ii. Form of Judgment**

Defendant also argues that the Motion should be denied because it seeks an entry of a Consent Judgment in substantially the same form as attached to the Settlement Agreement, but the form of that judgment was to be entered by a Florida state court rather than a federal district court. ECF No. [32] at ¶ 9. Plaintiff replies that the Court has jurisdiction to enter any form of judgment and Plaintiff does not oppose this Court entering judgment against Defendant in any form that awards Plaintiff the amount requested, which is not opposed by Defendant. ECF No. [33] at 6.

In its Answer to the Amended Complaint, Defendant "denies that Airlift is entitled to the entry of a Consent Judgment in substantially the same form as attached to the Settlement Agreement, because the form of that judgment is one to be entered by the State of Florida court of general jurisdiction and not by this feral court which has no jurisdiction to enter judgments in state litigation." ECF No. [22] at ¶ 29 (internal quotation marks omitted). Because there is a dispute between the parties as to whether the Court has jurisdiction to enter a judgment based on the undisputed breach of contract, the Court finds it inappropriate to grant Plaintiff's Motion. The Court points out that other record evidence could confirm whether this Court has jurisdiction to enter a final judgment or whether the Florida state court is the only court with proper jurisdiction.

**iii. Rule 12(d)**

Plaintiff contends that the Court may convert the Motion to a Rule 56 motion to consider evidence outside of the pleadings. ECF No. [33] at 4 n.1; *see also Shockley v. Barbee*, 747 F. App'x 754, 756 (11th Cir. 2018) ("Federal Rule of Civil Procedure 12(c) provides that a party may move for a judgment on the pleadings after the pleadings are closed. If, however, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." (internal quotation marks omitted) (citing Fed. R. Civ. P. 12(d))). The Court agrees and provides notice to the parties that it converts Plaintiff's Motion to a motion for summary judgment. The parties shall supplement their briefing and the record to address the issue of whether this Court has subject matter jurisdiction and whether the Court has jurisdiction to enter a final judgment where the Consent Judgment attached to the Settlement agreement is captioned "In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida." *See id*. at 10-12. The parties shall supplement the record in light of the Court's conversion of this Motion to a motion for summary judgment by filing a supplemental brief and/or other materials in support of or in opposition to the summary judgment motion on or before January 20, 2023.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Judgment on the Pleadings, **ECF No. [24]**, is **CONVERTED** to a motion for summary judgment.
2. The parties shall supplement the record in light of the Court's conversion of this Motion to a motion for summary judgment by filing a supplemental brief and/or other materials in support of or in opposition to the summary judgment motion on or before **January 20, 2023.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 9, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record